UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**          **CASE NO. 3:25-CR-00006**

**VERSUS**          **JUDGE TERRY A. DOUGHTY**

**DEVIN HAMPTON**          **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM ORDER

Before the Court is a Motion to Stay Release Order and Appeal of Magistrate Judge Decision [Doc. No. 25], filed by the United States of America ("the Government"). Defendant, Devin Hampton ("Hampton") filed an Opposition [Doc. No. 27].

For the reasons stated below, the Government's Motion is **DENIED**.

### I. BACKGROUND

On January 8, 2025, Hampton was indicted with one count of Illegal Possession of a Machinegun, in violation of 18 U.S.C. § 922(o).[1] That same day, a warrant was issued for Hampton's arrest, who was in state custody at Ouachita Parish Correctional Center.[2] On January 9, 2025, Hampton was brought before the Magistrate Judge for an initial appearance, at which time the Government moved for detention.[3] A hearing was held on January 23, 2025, and the Magistrate Judge denied the Government's detention motion and ordered Hampton to be released with conditions.[4] The Government's Motion requests review and revocation of that release order.[5] The

---

[1] [Doc. No. 25, p. 1].
[2] [Id.].
[3] [Id.]; [Doc. No. 16].
[4] [Doc. No. 25, p. 1-2]; [Doc. No. 19].
[5] *See generally* [Doc. No. 25].

1

Government also asks the Court to stay the Magistrate Judge's release order pending a hearing by the Court on the Government's Motion.[6]

## II.    LAW & ANALYSIS

A magistrate judge's decisions regarding pretrial detention are subject to *de novo* review. *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992). Whether pretrial detention is warranted is governed by the standard under 18 U.S.C. §3142. The relevant factors include: (1) the nature and circumstance of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his character, family and community ties, past conduct, criminal history, and record of appearances at court proceeding, and whether the defendant was on probation or parole at the time of the current offense or arrest; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Further, "for pretrial detention to be imposed, the lack of reasonable assurance of either the defendant's appearance at trial, or the safety of others or the community, is sufficient." *Rueben*, 974 F.2d at 586. However, both are not required. *Id*. Still, the standard is *reasonable* assurance, not a *guaranteed* assurance. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). A rebuttable presumption in favor of detention arises in this case because Hampton is charged with a felony involving the use of a firearm. *See* 18 U.S.C. §3142 (f)(1)(E).

After reviewing the evidence, the Court concludes that Hampton has sufficiently provided evidence to establish a reasonable assurance that he will appear at trial and that his release will not create a safety risk. First, the Government alleges that Hampton is a flight risk because he has previously failed to appear in Monroe City Court, and because he is neither employed nor attending

---

[6] [Id.].

school.[7] However, Hampton has sufficiently provided evidence that he has lived in Monroe most of his life and he has strong community ties. When the defendant "has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted." *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988). Nor does the Government's evidence sufficiently paint a "serious risk" that Hampton will flee. *See* 18 U.S.C. §3142 (f)(2).

Finally, Hampton rebutted the assumption that his release would be a danger to the safety of others or the community. Hampton has no prior criminal convictions, and he has never been charged with a crime of violence or a drug offense. Further, the Court agrees with the Magistrate Judge's determination that Hampton's conditions of release would reasonably assure that he does not pose any safety risks.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Government's Motion to Stay Release Order and Appeal of Magistrate Judge Decision [Doc. No. 25] is **DENIED**.

MONROE, LOUISIANA, this 30th day of January, 2025.



Terry A. Doughty
United States District Judge

---

[7] [Id., p. 5].